# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8226 | **DATE** | 2/23/2011 |
| **CASE TITLE** | Wanxiang America vs. Grisham | | |

**DOCKET ENTRY TEXT**

In sum, both Wanxiang and Grisham have Illinois as their principal places of business. Both are therefore citizens of Illinois. This destroys complete diversity. There is no other basis for federal jurisdiction. As such, the Court grants Grisham's Motion to Dismiss.

■ [ For further details see text below.]     Docketing to mail notices.

00:08

## STATEMENT

    Wanxiang America Corp. ("Wanxiang") sued Grisham Corp. ("Grisham") for breach of contract. Grisham moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, the Court grants Grisham's Motion to Dismiss.

    Because this is a state law breach of contract case, jurisdiction here depends upon complete diversity and the amount in controversy exceeding $75,000. 28 U.S.C. 1332. "Complete diversity" means that "no plaintiff may be a citizen of the same state as any defendant." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). A corporation is a citizen of both the state in which it is incorporated and where it has its principal place of business. 28 U.S.C. 1332(c); *McCready*, 453 F.3d at 891.

    The Complaint alleges that Wanxiang is incorporated in Kentucky with its principal place of business in Elgin, Illinois. (Compl. ¶ 1.) Wanxiang also alleges that Grisham is incorporated in Tennessee and its principal place of business is also in Tennessee. (Compl. ¶ 2.) In its motion to dismiss, Grisham contests Tennessee as its principal place of business by presenting an affidavit showing the scope of its corporate activities in Illinois. If the facts in the affidavit establish that Grisham's "principal place of business" is Illinois, there is no complete diversity.

    In *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), the Supreme Court clarified the standard for determining a corporation's principal place of business. The Court concluded that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'" *Id*. at 1192. Moreover, "in practice it [principal place of business] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of the direction, control, and coordination, i.e.,

| STATEMENT |
|---|

the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id*.

Here, Grisham's attached affidavit establishes that its principal place of business is Chicago, Illinois under the *Hertz Corp*. criteria. Grisham's main manufacturing facility is in Tennessee, but its day-to-day operations are run out of a Chicago office. (Knapp Aff. ¶ 3.) All major strategic and marketing decisions, such as pricing and product styles, are made at the Chicago office. (Knapp Aff. ¶ 4.) Further, Grisham's executives work out of the Chicago office, its sales are made out of the Chicago office, and its financial offices are in Chicago. (Knapp Aff. ¶¶ 5-7.) In fact, Knapp signed the contract at issue while in the Chicago office. (Knapp Aff. ¶ 8.) These facts clearly establish Chicago, Illinois as Grisham's nerve center, and the main place from which Grisham directs and manages its business activities. In addition to being a citizen of Tennessee via incorporation, Grisham is also a citizen of Illinois because its principal place of business is Chicago, Illinois.

In sum, both Wanxiang and Grisham have Illinois as their principal places of business. Both are therefore citizens of Illinois. This destroys complete diversity. There is no other basis for federal jurisdiction. As such, the Court grants Grisham's Motion to Dismiss.